**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**JEFFERY HAYES**                                                                 **PETITIONER**

**VS.**                            **CASE NO. 5:12V00158 SWW/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                      **RESPONDENT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

Susan Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence proffered at the hearing before the District
          Judge  (if such a  hearing is granted)  was not  offered at  the
          hearing before the Magistrate Judge.

3.        The detail of any testimony desired to be introduced at the
          hearing before the District Judge in the form of an offer of
          proof,  and a copy,  or the original, of any documentary or
          other non-testimonial evidence desired to be introduced at
          the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Jeffery Hayes, who is currently in the custody of the Arkansas Department of Correction (ADC). Mr. Hayes was convicted following a jury trial in Pulaski County on the charge of two counts of rape and two counts of kidnaping. He was sentenced to an aggregate term of fifty years of imprisonment. He appealed the conviction, challenging the sufficiency of the evidence, and the Arkansas Court of Appeals affirmed. *Hayes v. State*, 2009 Ark. App. (Unpublished). Mr. Hayes subsequently filed a Rule 37 petition, alleging thirteen grounds for relief, and the trial court denied relief. On appeal, the Arkansas Supreme Court affirmed the trial court. *Hayes v. State*, 2011 Ark. 327 (per curiam).

Mr. Hayes now advances eight claims for habeas corpus relief:

1. He received ineffective assistance of counsel when his attorney failed to perform a pretrial investigation and failed to visit the nightclub where the crimes originated and failing to develop impeachment material based on the allegation that the nightclub had metal detectors;

2. He received ineffective assistance of counsel when his attorney failed to visit the nightclub and develop impeachment evidence to dispute a victim's identification of the petitioner outside the nightclub;

3. He received ineffective assistance of counsel when his attorney failed to interview and call Marine Thompson;

4.      He received ineffective assistance of counsel when his attorney failed to consult with and/or call an expert witness regarding DNA evidence;

5.      He received ineffective assistance of counsel when his attorney failed to file a pre-trial motion to suppress certain evidence;

6.      He received ineffective assistance of counsel when his attorney failed to address the speedy trial issue;

7.      He received ineffective assistance of counsel when his attorney failed to dismiss a potential juror during voir dire; and

8.      He was a victim of juror misconduct when a juror deliberately concealed a matter during voir dire.

The respondent contends that claims two and eight are not properly before this Court due to the petitioner's failure to adequately raise his claims in a properly filed state postconviction petition, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.  In an earlier Order, the Court notified the petitioner that dismissal of grounds two and eight was possible due to the apparent procedural default.  Mr. Hayes was further notified of his opportunity to explain why these grounds should not be dismissed, and he has filed explanatory pleadings.  We will first address the issue of procedural default, then proceed to address the various claims for relief.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court:  that is, if he was aware of the ground, but failed to pursue it to a final determination.  The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure.  *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987).  The *Wainwright v. Sykes* cause and prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

3

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34.  However, one can discern from these cases several circumstances in which cause might be found:  first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. l (l984); or third, if the litigant failed to receive the effective assistance of counsel.  *See Murray v. Carrier*, 477 U.S. at 488.  In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause:  where a constitutional violation has probably resulted in the conviction of one who is actually innocent.  *Id.* at 496.

In his explanatory pleadings (docket entries nos. 12 & 13), Mr. Hayes contends that ground two was actually raised in state court.  He states that grounds one and two were raised as a single claim in state court, when he challenged his trial attorney's failure to adequately investigate the crime scene prior to trial.  We accept this argument and, as a result, will consider the merits of ground two.  With regard to ground eight, the petitioner concedes that this claim was not addressed by the state courts.  He raised this claim of juror misconduct in his Rule 37 petition, and the state court declined to address the issue, finding that such a claim should have been advanced on direct appeal.  Although Mr. Hayes now asks the Court to construe this claim as a challenge to the effectiveness of his trial attorney, such a construction would not rescue the claim from procedural default.  Simply stated, this ground was not raised on direct appeal.  When raised in a Rule 37 petition, the Arkansas courts did not address it since it was not a cognizable claim.  The petitioner has established no cause or prejudice for his failure to properly advance the claim in state court to a decision on the merits.  Consequently, the claim is not before this Court, and we recommend it be dismissed as procedurally barred.

We now consider claims one through seven.  It is helpful to first review the facts, which are

4

ably summarized by the Arkansas Court of Appeals:

> A jury in Pulaski County found appellant Jeffery Hayes guilty of rape, accomplice to rape, and two counts of kidnapping. As a consequence, appellant received sentences totaling fifty years in prison. For reversal, appellant contends that none of his convictions are supported by sufficient evidence. We find no merit in appellant's arguments, and we affirm.

> On the evening of January 25, 2007, B. Wright and S. Layne attended a party at Impressions, a nightclub on Asher Avenue. These two women were roommates, and they traveled together to the club in Layne's vehicle. Layne parked beside a dumpster behind Sonic, which was next to a field. Wright and Layne left the club sometime between midnight and 1:00 a.m. As they were walking to Layne's vehicle, they were accosted by four men, who were later identified as appellant, Fredrick Childs, Lazaro Pedroso, and Eddrick Childs. Neither woman knew the men and had not associated with them in the club.

> Wright testified that Fredrick Childs approached her with questions about obtaining her phone number and seeing her in the future. She said Childs became angry when she rebuffed his overtures and that he pointed a gun to her head and would not allow her to enter Layne's vehicle. Fredrick Childs then forced Wright at gunpoint into the field, where Pedroso removed her underwear and held the gun, while Fredrick Childs had sexual intercourse with her and also forced her to perform oral sex. Wright said that two men, appellant and Eddrick Childs, were at the vehicle with Layne as Wright was being taken to the field.

> According to Layne, appellant approached her with a gun, led her to the field, and made her perform oral sex. Afterwards, Layne and appellant returned to Layne's vehicle, where he forced her to engage in oral sex again. Layne said that she could see Wright in the field and asked appellant what was happening to her, to which appellant replied that everything would be "fine."

> Wright and Fredrick Childs subsequently returned to Layne's vehicle. Appellant drove Layne's vehicle, while Wright and Layne occupied the back seat with Fredrick Childs. Wright testified that Childs required her to perform oral sex as they traveled. Layne testified that she managed to call her boyfriend on her cell phone during the car ride but that Childs took the phone away from her when it made a noise. The four arrived at a one-bedroom apartment, where they were joined by Pedroso and Eddrick Childs.

> Appellant and Fredrick Childs took Wright and Layne into the bedroom. Wright testified that Childs had sexual intercourse with her on the bedroom floor and again made her perform oral sex. Layne said that appellant made her remove her clothing and that he had sexual intercourse with her at least three times on the bed. Layne said that Eddrick Childs exchanged places with appellant and that Eddrick Childs also had sexual intercourse with her. Wright testified that Eddrick Childs had intercourse with her as well.

> Wright and Layne testified that the men began arguing and that appellant discharged a gun inside the apartment. In the confusion, Pedroso led Wright and Layne outside and into a white vehicle, and Eddrick Childs entered the vehicle with them. Wright heard more shots fired as Pedroso drove away. Pedroso

deposited Wright and Layne at a gas station, and they called the police. Wright and Layne both insisted that appellant did nothing to extricate them from the situation, and both claimed that he actively participated in the events that evening.

Detective John Elizandro received a dispatch at 2:11 a.m. reporting shots fired at the Willow Springs Apartments on Geyer Springs Road. When he arrived, he saw appellant in the parking lot armed with a pistol and yelling at a white vehicle that was fleeing the scene. Appellant fled when Officer Elizandro ordered him to stop, but Officer Elizandro captured appellant after a brief foot chase. Appellant told the officer that he had wrestled the gun away from a man who tried to shoot him. Officer Elizandro further testified that appellant suddenly remarked, "Okay, I admit I had sex with her."

Detective Stuart Sullivan interviewed appellant on January 31, 2007, at appellant's request, and appellant gave an exculpatory explanation of his involvement in the episode. Detective Sullivan also testified as to the DNA results of the rape kits taken from Wright and Layne. DNA recovered from Wright matched that of Fredrick Childs. DNA recovered from Layne was contributed by an unknown subject. Detective Sullivan commented that the police had not yet apprehended Eddrick Childs.

Marqus Murphy, Layne's boyfriend, testified that he received a call from Layne on the night in question. He said that Layne was scared and told him that she loved him. Later, Murphy received a call from a man on Layne's phone, and he testified that the male referred to Layne in a derogatory manner, stated that he had her, and asked, "Do you want her back?"

Appellant's testimony differed substantially from that of Wright and Lane. Appellant testified that he was drunk that night. When he came out of the club, he saw Layne crying by her vehicle. She told him that some men were doing something to her friend. Appellant saw that the men were his friends, and he told her that she did not have anything to worry about because he was not like them. Appellant said that he tried to persuade Layne to leave but that she would not leave without Wright. When Fredrick Childs and Wright came back to the car, appellant said that Fredrick Childs pointed the gun at him and forced him to drive Layne's vehicle to the apartment.

Appellant testified that he and Layne exited the vehicle when they arrived at the apartment, while Wright and Fredrick Childs stayed in the vehicle. Appellant said that he once again urged Layne to leave but that Layne chose to follow him inside the apartment. Appellant testified that Layne began kissing him and that they ended up in the bedroom. He said that Layne pulled his pants down and performed oral sex. Appellant testified that at no time did he try or want to have sexual relations with Layne. He stated that Layne pulled him on top of her when Fredrick Childs and Wright entered the room, but he said that he was not physically capable of having sex with her. He witnessed Fredrick Childs rape Wright in the bedroom. Appellant said that when Eddrick Childs and Pedroso entered the bedroom, Eddrick Childs threw him off of Layne and then had sex with her.

Appellant said that, at this point, he could no longer maintain his composure

and that he started arguing with the other men. Appellant said that he left the apartment but that his "conscience hit him," so he went back inside the apartment, grabbed the gun, and fired shots in order to rescue the women. Appellant said that the women entered the car with Pedroso and Eddrick and that he fired shots at the vehicle to keep them from driving away with the women.

In this appeal, appellant contends that none of his convictions are supported by the evidence. When reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Terry v. State,* 371 Ark. 50, 263 S.W.3d 528 (2007). We affirm a judgment of conviction if substantial evidence exists to support it. *Gaye v. State,* 368 Ark. 39, 243 S.W.3d 275 (2006). Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond speculation or conjecture. *Flowers v. State,* 373 Ark. 127, 282 S.W.3d 767 (2008).

*Hayes v. State*, 2009 WL 476072.

The first and second claims for relief of Mr. Hayes are that he received ineffective assistance of counsel when his attorney failed to perform a pretrial investigation, failed to visit the nightclub where the crimes originated, failed to develop impeachment material based on the allegation that the nightclub had metal detectors, and failed to develop evidence concerning the poor lighting outside the nightclub. We have liberally construed the pleadings and found these claims were raised in Mr. Hayes' Rule 37 petition. On appeal, the Arkansas Supreme Court, citing *Strickland v. Washington*, 466 U.S. 668 (1984), addressed the claims as follows:

Appellant first contends that his counsel failed to conduct an adequate pretrial investigation, in that counsel failed to visit the club where appellant had been on the evening in question to confirm that there were metal detectors at the entrance that appellant claimed would demonstrate that he was not carrying a gun. Appellant further asserts that counsel would have discovered the layout of the club's parking lot and the lighting therein, which he claims could have been used to impeach the victims' identification of him and their testimony as to the evening's events.

With respect to the latter claim, it is evident that appellant's argument is not preserved for our review, as he did not raise allegations regarding the parking lot and lighting in his petition. All grounds for relief pursuant to Rule 37.1 must be asserted in the original or an amended petition. [citations omitted] We do not consider issues that are raised for the first time on appeal. [citation omitted]

As to the former, appellant's contention has no merit. Had trial counsel investigated whether the club indeed had metal detectors, any evidence produced would have had little, if any, relevance. Whether appellant had a gun inside the club is of no moment because the kidnappings and rapes took place in a field outside the club and in an apartment at a separate location. Appellant's petition failed to set forth factual substantiation to demonstrate prejudice.

7

Docket entry no. 9-8, pages 3-4.

When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court."  28 U.S.C. § 2254(d)(1), (2).  The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent."  A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

The state courts ruled correctly and applied the proper federal law, the *Strickland* case, in denying relief on the issue of the trial attorney's alleged failure to perform pretrial investigation. It follows that the petitioner is not entitled to relief on this point.  We have carefully reviewed the trial transcript, and find that any focus on pretrial investigation misses the point of the trial. The case did not hinge on the lighting near the club or whether the petitioner was armed while in the club.  Rather, the victims testified that they were kidnapped and raped by Mr. Hayes, while he offered another  version of the events in which he was actually trying to help the victims.  The jury believed the victims.  The overwhelming evidence against Mr. Hayes presented a huge challenge to his attorney.  The attorney's alleged failure to perform a more thorough pretrial investigation was not erroneous under the circumstances, and certainly not an error of constitutional magnitude.

The petitioner next contends he received ineffective assistance of counsel when his

attorney failed to interview and call Marine Thompson.  This claim was addressed in Hayes'

Rule 37 proceeding:

> Appellant next asserts that his counsel was ineffective for failing to interview and call Marine Thompson as a witness on his behalf. Appellant claims that Thompson would have testified regarding the amount of alcohol consumed by the victims on the evening in question, thereby calling into question their identification of him that same night. Again, appellant's argument fails.
>
> The objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call certain witnesses is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Woody v. State,* 2009 Ark. 413 (per curiam). It is incumbent on the petitioner who claims ineffective assistance based on failure to call a witness to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Shipman v.. State,* 2010 Ark. 499 (per curiam). In order to demonstrate prejudice, appellant was required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. *Id.* While he claims that the testimony as to the victims' state of mind would have shown that they misidentified him, appellant testified at trial and admitted to being in the victims' presence that evening. Appellant simply failed to demonstrate actual prejudice.

*Hayes v. State*, 2011 Ark. 327 (2011).

We are again guided by 28 U.S.C. § 2254(d)(1), (2), as this is a scenario where the state

court has ruled on the claim.  We find the state court ruled correctly, and applied the relevant

federal law in reaching its decision.  If a witness had testified that the victims had consumed

large amounts of alcohol, as Hayes indicates Marine Thompson would have stated, it does not

follow that the outcome of the trial would have changed.  The victims' testimony was

unequivocal on the events of the night, and the petitioner's own testimony placed him on the

scene of the kidnappings and rapes.  His version of the events would not have been more

plausible even if the victims were shown to have ingested more alcohol.  There is no merit to

ground three.

The fourth claim of Mr. Hayes is that he received ineffective assistance of counsel when

his attorney failed to consult with and/or call an expert witness regarding DNA evidence. This

claim, raised in his Rule 37 proceeding, was addressed by the Arkansas Supreme Court in its

appellate decision:

> Appellant further contends that his counsel was ineffective for failing to consult with or call an expert witness to testify. He maintains that the witness could have testified to the likelihood of a person having unprotected sex, yet failing to leave behind any DNA evidence. At trial, Detective Stuart Sullivan testified that neither rape kit performed on the victims revealed appellant's DNA. It appears that appellant's argument is that, had he engaged in unprotected sex with either of the victims, his DNA would have likely been found. He contends that, had an expert testified in the manner set forth above, it would have discredited one victim's testimony. Even had an expert testified in the manner wished by appellant, it does not follow that such testimony would have completely negated the victim's testimony, as the jury would have been free to believe all or part of the testimony and to resolve questions of conflicting testimony. *Carter v. State,* 2010 Ark. 231 (per curiam). We cannot say that the trial court erred in concluding that such testimony by an expert would not have been sufficient to raise the probability that the outcome of the trial would have been different.

*Hayes v. State*, 2011 Ark. 327 (2011).

Our inquiry, as with the first three claims, is whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The state court correctly applied the *Strickland v. Washington* standard in resolving this question. Further, the state court's decision was reasonable based on the facts elicited at the trial. As the state court noted, even if an expert testified, the jury would have been free to believe the victims' conflicting testimony. This is particularly true in this instance, where the testimony of victim Layne suggests that Hayes did not leave any DNA to be examined.[1] The fourth claim for relief is without merit.

Mr. Hayes next argues that he received ineffective assistance of counsel when his

---

[1]Victim Layne stated, "He put his penis in my vagina, and I'm not sure whether he came or not. I'm not sure about that. (Witness hysterical and crying) something like that. I don't know, but all I know is I don't want him to get no kind of satisfaction out of that because no, I don't know if he came or not." Tr. 216.

attorney failed to file a pre-trial motion to suppress certain evidence.  The state court addressed the claim in brief fashion:

> Appellant next asserts that his trial counsel was ineffective for failing to file a motion to suppress his statements to police. He contends that, with respect to one statement, his *Miranda* rights were violated, and, as to his other statement, the tape was unreliable due to portions of it being inaudible. With respect to the first statement, which was not admitted into evidence, but was introduced by the State to refresh appellant's memory during cross-examination, appellant's petition lacked any facts that would support a showing of prejudice as he failed to show how a motion to suppress the statement could have been successful.
>
> Nor has he made such a showing regarding the second statement that he gave to police, which was admitted at trial. Instead, he simply states that portions of the tape were inaudible. Appellant's argument in his petition simply assumed that a suppression motion would have been granted. Trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *Mitchem v. State,* 2011 Ark. 148 (per curiam). Appellant was required, therefore, to demonstrate that he could have prevailed on the motion, even if it was error, or was not reasonable, not to have pursued it. *Id.* He did not do so.

*Hayes v. State,* 2011 Ark. 327 (2011).

In applying the *Strickland v. Washington* standard, the state court focused on the second prong of the formula and found there was no prejudice to the petitioner even if his attorney had sought to suppress his statements.  We find no error in the state courts' analysis.  There is no showing that Hayes' attorney could have prevailed if she filed motions to suppress the statements.  In addition, even if we were to presume a successful challenge to the statements, there is no showing that the result of the trial would have changed.  The convictions of Mr. Hayes are tied to the credibility of the victims, and to the lack of credibility of Hayes' testimony.  The admission of one of his statements and the use of one of his statements for impeachment purposes were not pivotal issues in the case.  The state courts rightly decided this issue.  It follows that habeas corpus relief is not available to Mr. Hayes on this ground.

The sixth ground for relief is the assertion that Hayes received ineffective assistance of counsel when his attorney failed to address the speedy trial issue.  The Arkansas Supreme Court considered this claim:

Appellant also argues that his counsel was ineffective for failing to assert a speedy-trial violation on his behalf. The circuit court, however, found that two periods of time were excludable based on entries in the docket. Our review of the record reveals that appellant's petition did not demonstrate a meritorious objection that counsel could have presented on the speedy-trial question.

As already noted, counsel is not ineffective for failing to make an argument that is meritless. *Shipman,* 2010 Ark. 499. Accordingly, appellant must have stated a claim that was adequate to have established a violation, taking into account the periods excluded. *Id.* He does not now assert that the periods were not properly excluded, but reasserts his initial claim that his attorney should have objected at trial on the basis of the rule. In his petition, appellant merely stated the length of time that he awaited trial. Again, appellant's petition simply lacked any factual basis for his claim, and the circuit court did not clearly err in denying the petition on this basis.

*Hayes v. State*, 2011 Ark. 327 (2011).

In order to show ineffective assistance of counsel, the petitioner was required to satisfy both prongs of the *Strickland* standard – unreasonable behavior on the part of his attorney *and* a reasonable probability that the result of the trial would have been different except for the attorney's error.  The Arkansas Supreme Court notes that there is no attorney error if the petitioner cannot show that a speedy trial claim had merit.  The Arkansas Supreme Court expressly found such a challenge would have lost since the trial court correctly excluded two periods of time from the Arkansas speedy trial calculations.  This factual finding is presumed correct unless Mr. Hayes proves by clear and convincing evidence to the contrary.  28 U.S.C. § 2254(e)(1).  This he has not done.  In addition, state courts are the ultimate expositors of their own state's laws, and federal courts entertaining habeas corpus petitions are bound by the construction placed on a state's criminal statutes by the courts of that state except in extreme circumstances.  *Mendiola v. Estelle*, 635 F.2d 487 (5th Cir. 1981).  Here, there is no reason to reject the state court's construction and application of its statutes.  The sixth ground for relief is without merit.

For his seventh claim, Mr. Hayes asserts that he received ineffective assistance of counsel when his attorney failed to dismiss a potential juror during voir dire.  This ground for

relief was raised in Mr. Hayes' Rule 37 proceeding, and addressed on appeal by the Arkansas

Supreme Court:

> Appellant next contends that his counsel was ineffective for failing to dismiss a potential male juror in his trial, who appellant claims was the victim of a violent crime. To prevail on an allegation of ineffective assistance of counsel with regard to jury selection, a petitioner first has the heavy burden of overcoming the presumption that jurors are unbiased. *Howard v. State,* 367 Ark. 18, 238 S.W.3d 24 (2006). To accomplish this, a petitioner must demonstrate actual bias, and the actual bias must have been sufficient to prejudice the petitioner to the degree that he was denied a fair trial. *Id.* Bare allegations of prejudice due to counsel's conduct during voir dire which are unsupported by any showing of actual prejudice do not establish ineffective assistance of counsel. *Id.*
>
> The record on appeal demonstrates that during voir dire, the juror at issue readily acknowledged having been the victim of a violent crime when questioned by appellant's trial counsel. However, when questioned further, the juror stated that there was nothing about the experience that would cause him problems were he seated on the jury. He further stated that there was nothing negative in his interactions with the State or police that would cause him difficulty. Appellant has presented nothing to show that the juror was actually biased, and he has not demonstrated that he was prejudiced by counsel's conduct to the point that he was denied a fair adjudication of his guilt.

*Hayes v. State*, 2011 Ark. 327 (2011).

The inquiry is, again, whether the state courts' decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme

Court" or the state court's decision "was based on an unreasonable determination of the facts in

light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). There was no

error in the attorney's decision not to challenge this particular juror selection. A challenge by

Hayes' attorney to the juror would not have been successful. Even if the juror had been

challenged and the trial court had, for an unforeseen reason, excluded the juror, Mr. Hayes does

not establish that the outcome of his trial would have been different. The record demonstrates he

would have been convicted regardless of whether this particular juror was seated. The seventh

claim for relief is without merit.

In summary, we find no merit to claims one through seven, and we find that claim eight

13

is not properly presented to this Court.  As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  15   day of August, 2012.

_____
UNITED STATES MAGISTRATE JUDGE